IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRENT LEE CROXFORD,<br><br>           Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | MEMORANDUM DECISION<br>AND ORDER GRANTING<br>MOTION TO AMEND [7] and<br>DENYING MOTION TO VACATE [1]<br><br>Case No. 2:12-cv-01096<br><br>District Judge David Nuffer |

Petitioner Brent Lee Croxford challenges the 148-month sentence he received when he pled guilty to the charge of coercing his eight- or nine-year-old adopted daughter to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that have been transported in interstate commerce, in violation of 18 U.S.C. § 2251(a). Mr. Croxford brings this challenge pursuant to 28 U.S.C. § 2255.[1] Mr. Croxford has also brought a motion to amend his initial challenge.[2] The Motion to Amend is granted, but because none of the Supreme Court cases cited by Mr. Croxford establish a new right that is made retroactive, his Motion to Vacate is untimely. Consequently, the Motion to Vacate is denied.

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"), docket no. 1, filed November 29, 2012.

[2] Defendant's Motion to Amend and Supplemental Memorandum of Law ("Motion to Amend"), docket no. 7, filed August 19, 2013.

**TABLE OF CONTENTS**

MOTION TO AMEND [7] ............................................................................................................ 2
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [1] .................................... 3
    Mr. Croxford's Motion to Vacate Is Untimely ...................................................................... 4
        Section 2255(f)(1) ............................................................................................................. 4
        Section 2255(f)(2) ............................................................................................................. 5
        Section 2255(f)(3) ............................................................................................................. 6
        Section 2255(f)(4) ............................................................................................................. 8
    Equitable Tolling is Not Applicable to Mr. Croxford............................................................ 9
CONCLUSION and ORDER ..................................................................................................... 10

**MOTION TO AMEND [7]**

Mr. Croxford contends that he should be allowed to amend his motion because the law regarding sentencing has recently been changed by Supreme Court case law, and he should therefore be allowed to present new arguments based on that law.[3] Mr. Croxford also argues his Motion to Amend should be granted because "the United States will not be prejudiced by the amendment."[4]

Motions to amend should be granted "freely . . . when justice so requires."[5] The prosecution has not opposed Mr. Croxford's Motion to Amend, and there is no obvious reason to deny the Motion. Accordingly, Mr. Croxford's Motion to Amend is granted. The supplemental materials Mr. Croxford provided to the court will be considered on his Motion to Vacate.[6]

---

[3] 133 S.Ct. 2151 (2013).

[4] Motion to Amend at 1, docket no. 7, filed August 19, 2013.

[5] Fed. R. Civ. P. 15(a)(2).

[6] Mr. Croxford included a "Supplemental Memorandum of Law" with his Motion to Amend. This is the only item submitted by Mr. Croxford and will be the only item considered in addition to the original Motion to Vacate.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [1]**

Mr. Croxford initially raised three grounds for his Motion to Vacate:[7]

| | |
|---|---|
| **Ground One:** | That "all of the enhancements used against [him] were the elements of the offense" and could not be used to enhance the sentence. |
| **Ground Two:** | That "the restitution ordered to be paid to the victim must be re-evaluated where there is no treatment ongoing." |
| **Ground Three:** | That he received ineffective assistance of counsel. |

The supplemental memorandum included with Mr. Croxford's Motion to Amend adds two more grounds:[8]

| | |
|---|---|
| **Ground Four:** | That "the enhancement for obstruction of justice was required to have been proven beyond a reasonable doubt." |
| **Ground Five:** | That "the government breached the plea agreement." |

The prosecution filed a Response, in which it argues, among other things, that Mr. Croxford "failed to meet the necessary statute of limitations" set forth in 28 U.S.C. § 2255 in order to bring a motion to vacate. Specifically, the prosecution points to the one-year statute of limitations listed in § 2255(f), and argues that "Mr. Croxford needed to file his motion for relief . . . one year after the completion of his appeal [to the Tenth Circuit]."[9] The prosecution argues that because of this failure, the Motion to Vacate should be denied.[10] The only response Mr. Croxford makes to this argument is that "[t]he Petition is timely and the issues raised were raised after the time they were first known to Petitioner and are not time barred."[11] Although Mr.

---

[7] Petitioner's Memorandum of Law in Support of §2255 Motion [to Vacate] at 1, docket no. 2, filed November 29, 2012 (listing three grounds).

[8] Docket no. 7, filed August 19, 2013.

[9] United States' Response to Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence ("Response") at 5, docket no. 5, filed March 18, 2013.

[10] Response at 10.

[11] Petitioner's Reply to the Response of the United States to the Motion to Vacate at 1, docket no. 6, filed May 28, 2013.

Croxford's arguments are liberally construed because he proceeds pro se,[12] he nevertheless fails to establish that his Motion to Vacate is timely.

### Mr. Croxford's Motion to Vacate Is Untimely

Motions to Vacate under 28 U.S.C. § 2255 are subject to a one-year statute of limitation period.[13] Section 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

Because Mr. Croxford filed his Motion to Vacate in November 2012, over six years after the date on which his judgment of conviction became final (June 6, 2006), and has not shown that grounds exist under Section 2255 for bringing the Motion at this late stage, his Motion to Vacate is denied as untimely.

**The Motion to Vacate is Untimely Under Section 2255(f)(1)**

Under subsection (1), the time period for filing a Section 2255 motion expires one year after the conviction becomes final. "In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari

---

[12] *United States v. Viera*, 674 F.3d 1214, 1216 n. 1 (10th Cir. 2012).

[13] 28 U.S.C. § 2255(f); *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir.2006) (holding §2255 motion time-barred).

[14] 28 U.S.C. § 2255(f).

4

petition expires."[15] The time for filing a certiorari petition expires ninety days after the date of entry of the judgment or order sought to be reviewed,[16] and so if no petition for certiorari is filed after an appellate judgment, the conviction becomes final ninety days after the entry of the judgment by the appellate court.[17]

Here, Mr. Croxford appealed his conviction to the Tenth Circuit Court of Appeals.[18] The Tenth Circuit affirmed the district court on March 7, 2006.[19] Mr. Croxford did not appeal the Tenth Circuit's decision,[20] which means his conviction became final on June 6, 2006 (ninety days after March 7, 2006). The one-year statute of limitations under § 2255(f)(1) began to run on June 6, 2006, and ended June 6, 2007. Because Mr. Croxford did not file his Motion to Vacate on or before June 6, 2007, the entirety of his Motion to Vacate is time-barred under Section 2255(f)(1) unless he can show that another section applies.

**The Motion to Vacate is Untimely Under Section 2255(f)(2)**

Under subsection (2), the time period for filing a Section 2255 motion expires one year after the government removes any impediments to the prisoner's ability to file a motion. Mr. Croxford does not identify any governmental action that impeded his ability to make a motion. Therefore, Section 2255(f)(2) does not make his Motion to Vacate timely.[21]

---

[15] *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

[16] Sup. Ct. R. 13(3).

[17] *United States v. Dixon*, Case Nos. 07-40124-JAR, 11-4099-JAR, 2012 WL 718910 at *3 (D.Kan. March 5, 2012) (unpublished).

[18] Motion to Vacate at 3, ¶¶ 8, 9(a).

[19] Motion to Vacate at 3, ¶ 9(d); *United States v. Croxford*, 170 Fed. App'x. 31 (March 7, 2006) (unpublished).

[20] Motion to Vacate at 3, ¶ 9(g).

[21] *See United States v. Sheridan*, 561 Fed. App'x. 689, 692 (10th Cir. 2014) (unpublished) (holding motion untimely where movant was "unable to explain how the alleged unconstitutional

**The Motion to Vacate is Untimely Under Section 2255(f)(3)**

Under subsection (3), the time period for filing a Section 2255 motion expires one year after a decision from the United States Supreme Court is made that recognizes new rights and makes those rights retroactively applicable to collateral challenges. Mr. Croxford argues that several "recently decided" Supreme Court cases establish new rights that are asserted in his Motion to Vacate. He argues that, until these cases were decided, he did not know he had available relief. Mr. Croxford is incorrect, however, in arguing that these cases recognize new rights under Section 2255(f)(3).

Mr. Croxford argues that *Frye*[22] and *Lafler*[23] recognize new rights that support his arguments under Ground One (inappropriate enhancements) and Ground Three (ineffective assistance of counsel).[24] In *Frye*, the Court held that defense counsel has a duty to communicate formal plea offers to defendants.[25] In *Lafler*, the Court held that counsel can be deficient in performance where they advise a defendant to reject a plea offer and proceed to trial.[26] These cases do not support Mr. Croxford's arguments because there is no proof that Mr. Croxford's counsel failed to communicate a formal plea offer or that he advised Mr. Croxford to reject a plea offer and proceed to trial. Moreover, Mr. Croxford does not explain how these cases establish new rights under Section 2255(f)(3). But even if he had attempted to explain how *Frye* and *Lafler* recognize new rights, the argument would have failed because the Tenth Circuit has

---

practice prohibited him from accessing the court . . . which is required for statutory tolling under § 2255(f)(2)").

[22] *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

[23] *Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

[24] Motion to Vacate at 5, ¶ 12(b).

[25] *Frye*, 132 S.Ct. at 1408.

[26] *Lafler*, 132 S.Ct. at 1387.

held that *Frye* and *Lafler* "do not establish a new rule of constitutional law."[27] Thus, Ground One and Ground Three are untimely under Section 2255(f)(3) because neither *Frye* nor *Lafler* establish new rights.

In support of Ground Two (reevaluating restitution to victim), Mr. Croxford cites to *Southern Union*,[28] suggesting that "restitution in this case [should] be vacated and the amount paid [should] be refunded forthwith."[29] However, *Southern Union* did not address a situation involving restitution.[30] Further, *Southern Union* has been raised by other defendants in the Section 2255 context, but it has been found not to create a new right or be retroactively applicable.[31] Therefore, Ground Two is untimely under Section 2255(f)(3) because *Southern Union* does not establish new rights or make them retroactively applicable.

Finally, Mr. Croxford cites *Alleyne*[32] in support of Ground Four—that the enhancement for obstruction of justice was required to be proven beyond a reasonable doubt. Mr. Croxford believes that *Alleyne* allows him to make this argument at this late stage because *Alleyne* established a new right when it was decided in 2013. However, he is incorrect. The Tenth Circuit addressed this question in *Hines*, and held that in order for a Section 2255 Motion to be timely

---

[27] *United States v. Crisp*, 573 Fed. App'x. 706, 708 (10th Cir. 2014) (unpublished) (citing *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013)) (holding that *Frye* and *Lafler* "do not establish a new rule of constitutional law").

[28] Mr. Croxford does not provide a citation to *Southern Union*. However, Mr. Croxford likely refers to *Southern Union Co. v. United States*, 132 S.Ct. 2344 (2012).

[29] Motion to Vacate at 6.

[30] *Southern Union*, 132 S.Ct. at 2349 (addressing statutory criminal fines under the Resource Conservation and Recovery Act of 1976).

[31] *United States v. Anderson*, Case No. 2:01-cr-0180-LKK-DAD-P., 2014WL 1839386 at *3-4 (E.D. Cal. May 8, 2014); *Sluder v. United States*, Nos. 13-cv-1472-W, 05-cr-1570-W, 2014 WL 334712, at *2 (S.C.Cal. Jan. 29, 2014); *United States v. King*, Nos. 3:00cr12/LAC, 3:12cv436/LAC/EMT, 2012 WL 5306143, *2 (N.D.Fla. Sept. 19, 2012); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005).

[32] *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

under subsection (f)(3), the Supreme Court decision at issue must (1) newly recognize a constitutional right; and (2) apply the new right retroactively to cases on collateral review.[33] The *Hines* court held that "[w]hile the first of these elements is satisfied by the Supreme Court's *Alleyne* decision, the right recognized in *Alleyne* has not been made retroactively applicable to cases on collateral review."[34] Therefore, Ground Four is untimely under Section 2255(f)(3) because *Alleyne* is not retroactively applicable.

Each of the cases raised by Mr. Croxford fails to meet the requirements under Section 2255(f)(3) because none of these cases pronounce newly recognized constitutional rights or apply retroactively to collateral review, as required under Section 2255(f)(3). Therefore, Mr. Croxley's Motion to Vacate is time-barred under Section 2255(f)(3).

**The Motion to Vacate is Untimely Under Section 2255(f)(4)**

Under subsection (4), the time period for filing a Section 2255 motion expires one year after facts become discoverable through the exercise of due diligence. Construing Mr. Croxford's Motion to Vacate most liberally, he arguably makes the assertion that he could not have known of facts supporting his claim or that he had claims at all until the Supreme Court cases noted above were decided. However, this same argument was made and rejected in *Hines*.[35] There, the Tenth Circuit explained that "Appellant argues the district court should have found his motion timely under . . . § 2255(f)(4), since the right he is raising was not recognized until the Supreme Court issued its decision in *Alleyne*. However, . . . [t]he *Alleyne* decision has not been made retroactively applicable, and it does not constitute a newly discovered fact under Section

---

[33] *United States v. Hines*, 592 Fed.App'x. 755, 755 (10th Cir. Feb. 24, 2015) (unpublished).
[34] *Id.*
[35] *Id.*

2255(f)(4).”[36] Therefore Section 2255(f)(4) does not make Mr. Croxford's Motion to Vacate timely.

### Equitable Tolling is Not Applicable to Mr. Croxford

In some cases, extraordinary circumstances may warrant an extension of the one-year limitations period under Section 2255(f). "To be entitled to equitable tolling, [a party] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[37] "Equitable tolling is only appropriate in 'rare and exceptional circumstances.'"[38] For example, equitable tolling may be an option if there is deliberate misconduct or concealment by defense counsel or by prosecution, if a prisoner is actually innocent, when a prisoner is prevented from timely filing by an adversary or other uncontrollable circumstances, or when a prisoner "actively pursues judicial remedies but files a defective pleading during the statutory period.[39] But Mr. Croxford raises no such circumstances in his Motion, nor is there any evidence in the record of any such misconduct. Therefore, Mr. Croxford is not entitled to the benefit of equitable tolling in this matter, and his petition is untimely.

---

[36] *Id.* at 756.

[37] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[38] *United States v. Sheridan*, 561 Fed. App'x. 689, 692 (10th Cir. 2014) (unpublished) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

[39] *Gibson*, 232 F.3d at 808.

## CONCLUSION AND ORDER

Because "the motion and the files and records of the case conclusively show that prisoner is entitled to no relief,"[40] no evidentiary hearing is necessary. Further, Mr. Croxford has failed to show that his Motion to Vacate is timely under 28 U.S.C. § 2255(f). Therefore,

IT IS HEREBY ORDERED that Mr. Croxford's Motion to Amend[41] is GRANTED.

IT IS FURTHER ORDERED that Mr. Croxford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[42] is DENIED.

The Clerk shall close the case.

Dated May 8, 2015.

BY THE COURT:

_David Nuffer_ (signature)
David Nuffer
United States District Judge

---

[40] 28 U.S.C. § 2255(b).

[41] Docket no. 7, filed August 19, 2013.

[42] Docket no. 1, filed November 29, 2012.